UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
LYDIA GARCIA,

                         Plaintiff,                         **COMPLAINT**

   -Against-

                                                                **Index No.**:

**HENRY STREET SETTLEMENT**

                                                                 **Jury Trial**
                                  **Defendant.**                **Demanded**
------------------------------------------------------------------X

       Plaintiff **LYDIA GARCIA**, by and through her attorneys, **FRANK & ASSOCIATES, P.C.**, complains as follows:

## I. PRELIMINARY STATEMENT

1. Plaintiff brings this action to recover monetary and affirmative relief based upon Defendant's violations of Title VII of the Civil Rights Act of 1964, as amended, (hereinafter "Title VII"), 42 U.S.C. § 2000e *et seq.*, the New York State Human Rights Law, Executive Law § 296 *et seq.* (hereinafter "NYSHRL,") the New York City Human Rights Law, N.Y. City Administrative Code § 8-101 *et seq.* ("NYC HRL"), and other appropriate rules, regulations, statutes and ordinances.

## II. JURISDICTION AND VENUE

2. This court has jurisdiction over this action pursuant to 29 U.S.C. 626(c)(1) and 28 U.S.C. 1331, 1337 and 1367.

3. This Court has jurisdiction over all state law claims brought in this action pursuant to 28 U.S.C. 1367.

4. This action properly lies in the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. 1391, because the unlawful discriminatory conduct occurred within the state of New York, New York County.

5. This Court has the power to issue declaratory relief pursuant to 28 U.S.C. 2201 and 2202.

6. Plaintiff filed a timely charge of discrimination with the Equal Employment Opportunity Commission (hereinafter "EEOC"). Plaintiff brings this action within ninety (90) days of the receipt of a Notice of Right To Sue, issued by the EEOC on November 8, 2005, a true and accurate copy of which is attached hereto as Exhibit "A."

### III. PARTIES

7. Plaintiff, **LYDIA GARCIA**, was at all times relevant herein, a citizen of the State of New York residing in New York County.

8. At all times relevant herein, Plaintiff has been an "employee" within the meaning of 29 U.S.C. 630(f), NYSHRL 292(5) and Section 190(2) of the New York Labor Law, N.Y. LAB. LAW § 190(2) (McKinney 1986 Supp. 2001).

9. At all times relevant herein, Plaintiff has been a "person" within the meaning of NYSHRL 292(1).

10. Upon information and belief, Defendant is doing business at 605 F.D.R. Drive, New York, New York.

11. Upon information and belief, Defendant is engaged in the business of providing community services.

12. Upon information and belief, at all times relevant herein, Defendant has been an "employer" within the meaning of 29 U.S.C. 630(b) and NYSHRL 292(5).

13. Upon information and belief, at all times relevant herein, Defendant employed more than fifteen (15) employees.

## IV STATEMENT OF FACTS

14. Plaintiff, Lydia Garcia ("Plaintiff" or "Ms. Garcia"), a Hispanic female, began employment with The Henry Street Settlement in 1978. During her employment, Plaintiff held various positions in several community programs.

15. Plaintiff was entitled to occupy an apartment rent free as an incident of her employment.

16. Employees' salaries were funded through various sources. If funding for a particular program was discontinued, Defendant preserved jobs by transferring affected employees to other positions.

17. From 1990 to 2001, Ms. Garcia worked in the Battered Women's Shelter. In 2001, Ms. Garcia was transferred to Defendant's Mail Services unit. At the time, the Mail Services Unit was in complete disarray. Ms. Garcia was transferred because she was the most qualified person to organize the Mail Service operation.

18. Ms. Garcia's responsibilities in the Mail Services unit included translating documents for Spanish speaking clients, supervising clerks and interns, invoicing, payroll, and purchasing of supplies.

19. In early 2004, Ms. Garcia's supervisor, Frances Draying ("Draying"), an African-American, told Ms. Garcia's co-worker, Charles Gordon ("Gordon") she was irritated when Ms. Garcia spoke Spanish.

20. In May 2004, Draying gave Ms. Garcia a written warning for speaking Spanish, despite the necessity of communicating with non-English speaking clients.

21. From May 2004 to January 2005, Draying repeatedly told Gordon to make sure Ms. Garcia didn't speak Spanish. Gordon did not take action because Ms. Garcia had no other way of communicating with non-English speaking clients.

22. On January 21, 2005 Draying informed Ms. Garcia her position was terminated effective February 28, 2005 due to an alleged lack of funding from the Department of Housing and Urban Development.

23. The same day, Gordon spoke to his supervisor, Generia Armstrong ("Armstrong"), an African-American. Gordon offered to take a pay cut to fund Ms. Garcia's position.

24. Armstrong told Gordon Ms. Garcia's termination was not based on lack of funding. Armstrong indicated Ms. Garcia was being terminated because she "favored" Hispanics.

25. On or around February 1, 2005, Ms. Garcia began interviewing for alternative positions for which she was qualified. She interviewed for a position as Housing Specialist at the Urban Family Center.

26. Angela George ("George"), Associate Director of Homeless Programs, advised Ms. Garcia she was qualified for the position, but funding for the position would end in three (3) months.

27. Ms. Garcia later learned the position continues to be funded as of this date.

28. Ms. Garcia then applied for the position of Accounts Payable Clerk in the Financial Services Unit. She was advised a lesser qualified intern was hired for the position.

29. Ms. Garcia also applied for the position of Clerk Assistant at the Abrams Art Center. She never received a response to her resume.

30. Ms. Garcia also learned the mailroom was a for-profit unit and salaries were not reliant on HUD funding. (See Exhibit "B" – advertisement in telephone directory and income goal listed in the Business Manager's job description)

31. On or around February 28, 2005, Ms. Garcia learned her position in the mailroom was never funded by HUD. Her position was funded by the Battered Women's Shelter.

32. Upon information and belief, Defendant's alleged lack of funding was a pretext to provide and support grounds for termination based on Ms. Garcia's race.

33. As a result of her unlawful termination, Ms. Garcia is being evicted from her apartment.

### V.  CLAIMS FOR RELIEF

**FIRST CLAIM FOR RELIEF**
**(Discrimination under Title VII)**

34. Plaintiff repeats and realleges each and every allegation contained herein.

35. Defendant violated 42 U.S.C. § 2000e by terminating Plaintiff's employment on the basis of her race.

36. As a result of Defendant's discrimination, Ms. Garcia is being evicted from her apartment.

37. As a proximate result of Defendant's discrimination, Ms. Garcia has suffered and

continues to suffer substantial loss of past and future earnings, bonuses, and other employment benefits.

38. As a further proximate result of Defendants' actions, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation, anguish, depression, and other incidental and consequential damages and expenses.

39. The conduct of Defendants was done in conscious disregard of Plaintiff's rights. Therefore, Plaintiff is entitled to equitable and injunctive relief, an award of compensatory and punitive damages, reinstatement of employment, expenses and attorney's fees from defendant in an amount to be determined at trial.

**SECOND CLAIM FOR RELIEF**
**(Discrimination under NYSHRL)**

40. Plaintiff repeats and realleges each and every allegation contained herein.

41. Defendant violated NYSHRL by terminating Plaintiff's employment on the basis of her race.

42. As a result of Defendant's discrimination, Ms. Garcia is being evicted from her apartment.

43. As a proximate result of discrimination, Ms. Garcia has suffered and continues to suffer substantial loss of past and future earnings, bonuses, and other employment benefits.

44. As a further proximate result of Defendants' actions, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation, anguish, depression, and other incidental and consequential damages and expenses.

45. The conduct of Defendants was done in conscious disregard of Plaintiff's rights.

Therefore, Plaintiff is entitled an award of compensatory damages, reinstatement of employment, expenses and attorney's fees from defendant in an amount to be determined at trial.

## THIRD CLAIM FOR RELIEF
### (Discrimination under NYCHRL)

46. Plaintiff repeats and realleges each and every allegation contained herein.

47. Defendant violated NYCHRL by terminating Plaintiff's employment on the basis of her race.

48. As a result of Defendant's discrimination, Ms. Garcia is being evicted from her apartment.

49. As a proximate result of discrimination, Ms. Garcia has suffered and continues to suffer substantial loss of past and future earnings, bonuses, and other employment benefits.

50. As a further proximate result of Defendants' actions, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation, anguish, depression, and other incidental and consequential damages and expenses.

51. The conduct of Defendants was done in conscious disregard of Plaintiff's rights. Therefore, Plaintiff is entitled to an award of compensatory damages, reinstatement of employment, expenses and attorney's fees from defendant in an amount to be determined at trial.

**WHEREFORE,** as a result of Defendant's unlawful conduct and actions alleged herein, Plaintiff demands judgment:

a. Declaring Henry Street Settlement violated aforementioned statutes;

b. Issuing a permanent injunction enjoining Henry Street Settlement, its agents, employees, officers, and successors in interest, and those acting in concert with Henry Street Settlement, from engaging in the illegal and unlawful customs, policies, and practices described herein;

c. On the First Claim for Relief, Henry Street Settlement pay Ms. Garcia compensatory and punitive damages, where applicable, in an amount to be determined at trial;

d. On the Second Claim for Relief, Henry Street Settlement pay Ms. Garcia compensatory damages, where applicable, in an amount to be determined at trial;

e. On the Third Claim for Relief, Henry Street Settlement pay Ms. Garcia compensatory damages, where applicable, in an amount to be determined at trial

f. Ms. Garcia be made whole in the form of back pay and front pay, and afforded all benefits that would have been afforded Ms. Garcia but for said discrimination;

g. An award of Ms. Garcia's cost of suit, including her reasonable attorney's fees;

h.  Henry Street Settlement be ordered to pay Ms. Garcia pre- and post-judgment interest;

i.  Such other and further relief as the court deems just and proper.

Dated: Farmingdale, New York
 November 4, 2005

                 FRANK & ASSOCIATES, P.C.
                 *Attorneys for Plaintiff Lydia Garcia*

By: _____
     Neil M. Frank (NF0521)
     500 Bi-County Blvd., Suite 112N
     Farmingdale, New York 11735
     (631) 756-0400